UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARCELL ANDRE MCCANTS,

    Plaintiff,

    v.                                             CAUSE NO. 3:24-CV-517-GSL-JEM

RON NEAL, et al.,

    Defendants.

<u>OPINION AND ORDER</u>

Darcell Andre McCants, a prisoner without a lawyer, filed an amended complaint. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however unartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McCants initially filed a complaint along with several other plaintiffs, and his claims were severed from that case. The court explained to McCants that his amended complaint needed to focus on what has happened to him, not other individuals. ECF 10. McCants's allegations in the amended complaint are focused on him, but they are otherwise substantially the same as those in his earlier complaint. ECF 2. McCants is an inmate housed in Indiana State Prison's "C" cell house. He alleges that birds and

pigeons have taken up residence in the cell house, and he has been harmed by breathing in their excrement. He is suing Warden Ron Neal and Debra Taylor, the Haz-Mat Supervisor and Pest-Control Inspector, for subjecting him to unconstitutional conditions of confinement. McCants indicates that he complained to the defendants by way of grievances in May 2024. ECF 11 at 6. McCants's grievances asked that all windows be fixed, all wall fans be decontaminated, all ventilation be repaired, all pigeons be exterminated, and all pigeon excrement to be removed. *Id.* His complaint seeks both monetary damages and injunctive relief.

As the court explained to McCants previously (ECF 10 at 2-4), the Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Prolonged exposure to infestations can be serious enough to amount to an Eighth Amendment violation. *See Davis v. Williams*, 216 F.Supp.3d 900, 907-08 (N.D.Ill. 2016).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

The court's earlier order noted that it was unclear how long McCants had resided in "C" cell house. The earlier complaint said only that he has been there since "on or about 2024." ECF 2 at 6. The amended complaint indicates McCants was there in 2024; it still does not say how long he was subjected to the conditions giving rise to this case. ECF 11 at 3-4. He asserts that groups of "ten or better" pigeons are present on any given day, along with several small black or brown birds. ECF 11 at 4. There is allegedly pigeon excrement "everywhere." *Id.* This includes the fans in the unit, which are still in use, causing dried bird feces to enter the air.

The amended complaint, like McCants's earlier complaint, alleges that, prior to March and April 2024, there was no sanitation plan in place, and no efforts were made to remove the pigeon excrement daily. ECF 2 at 7; ECF 11 at 6. The complaint and

amended complaint both allege that, prior to March or April 2024, there was no plan to repair broken windows that were permitting the birds to enter or add filtration to the ventilation system. ECF 2 at 7; ECF 11 at 6. McCants notes in both the complaint and amended complaint that no specialized equipment was brought in to clean the area prior to March or April 2024. ECF 2 at 7; ECF 11 at 6. The original complaint and amended complaint both allege that there is a "substantial risk of harm in developing a [sic] untreatable respiratory problems prior to March or April 2024." ECF 2 at 8; ECF 11 at 6. It remains unclear from the amended complaint how, in response to grievances, sanitation procedures changed in March or April 2024.

The original complaint indicated that "[a]ll plaintiffs have been experiencing respiratory health problems such as breathing, headaches, sinus problems" and "[a]ll plaintiffs had to seek medical attention for their respiratory problems." ECF 2 at 9. The amended complaint indicates that McCants "has been experiencing respiratory problems in his breathing, headaches, sinus's [sic] problems." ECF 11 at 7. The original complaint and amended complaint indicate the McCants is "[i]n fear of the substantial risk of harm" to his health. ECF 2 at 9; ECF 11 at 7. The original complaint did not indicate what symptoms McCants experienced, when he started experiencing them, why he believes the symptoms are linked to the presence of pigeons,[1] when he sought medical care, or what medical care, if any, was provided. The amended complaint again

---

[1] "The risk of pigeon-related diseases is rare. People most at risk from these diseases are those who have a compromised immune system." https://www.nyc.gov/site/doh/health/health-topics/pigeon.page (last visited August 14, 2024). McCants has not indicated in either his complaint or amended complaint that he has a compromised immune system.

4

makes references to vague complaints of respiratory problems, but it also does not explain when McCants started experiencing these problems, why he believes they are linked to the birds and pigeons, whether he sought medical care, and if he did, what treatment was provided. In short, the allegations in McCants's amended complaint are again too vague to state a claim.

To the extent McCants's amended complaint renews his request for a preliminary injunction, it must be denied for the reasons explained in this court's July 3, 2024, order. ECF 10.

McCants has already been granted one opportunity to amend his complaint. The amended complaint failed to address the deficiencies pointed out by the court. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on August 14, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

5